HEARD APRIL TERM, 1874.

## *Ex Parte* HEWETT.

As against creditors, whose debts were contracted before the adoption of the present Constitution of the State, the homestead exemption therein provided for cannot be allowed, for, as to such debts, it impairs the obligation of contracts.

BEFORE THOMAS, J., AT DARLINGTON, DECEMBER, 1874.

This was a petition by Columbus W.. Hewett and Brainard N. Hewett, minor children of Thomas N. Hewett, deceased, for the homestead exemption allowed by the Constitution.

The petition was filed March 18th, 1872, in the Probate Court, and was heard, in the first instance, by the Judge of that Court.

It appeared that Thomas N. Hewett died during the late war, leaving some real estate, which had been sold before the petition was filed, under a decree made by the Court of Equity, in a case of Ham against Nelson and others, to which the petitioners were parties defendant.

The bill in Ham *vs.* Nelson was for sale of the realty and to marshal assets. It was filed December 30th, 1867, and the decree for sale was made September 29th, 1868. The sales were made in October, 1868, and November, 1869, and the proceeds were in the custody of the Circuit Court.

The Probate Judge made no decree, but suggested that application be made to the Judge of the Circuit Court.

The application was now made to the Circuit Court, and His Honor made a decree that $1,000 of the proceeds of the sales be invested in the purchase of a tract of land, for the use of the petitioners, as a family homestead.

The creditors of Thomas N. Hewett, deceased, appealed.

*Edwards & Dargan,* for appellants.

*Charles,* contra.

Nov. 3, 1874. The opinion of the Court was delivered by

WRIGHT, A. J. We do not think it necessary in this case to determine whether, after the dismissal by the Probate Judge of the petition of the respondents, filed in 1868, claiming a right of homestead in the land of which their father died seized—no appeal hav-

ing been taken—they are not thereby precluded from ever again setting up such demand. Neither is it necessary to consider whether, being parties to the bill—answering, without setting up the right of homestead, and making no objection to the sale of the land—they can now claim the homestead privileges, either in the real estate sold or by the appropriation of any of the proceeds of its sale for the investment in land for such purpose.

.The conclusion of the Probate Court, on their second petition, filed 18th March, 1872, did not amount to a judgment. It was but the bare suggestion of the Judge, and the only mode by which any status in Court can be accorded to the said respondents is to regard them as intervening by petition in the cause pending in the Circuit Court.

The intestate died during the late war. In December, 1867, a bill was filed in the Court of Equity, to marshal the assets of his estate, and for a settlement of it. The petitioners were parties, answering in due form. On 29th September, 1869, an order was made for the sale of all the lands of which he died possessed, which was concluded by 7th of December, 1869.

The appellants are his creditors, and, as he died before 1868 they were creditors prior to the adoption of the State Constitution, which, by the 32d Section of the 2d Article, exempts the homestead of each family, not to exceed the value of a certain amount, from liability to levy or sale on mesne or final process from any Court. The debts, therefore, to meet which the lands were sold, must necessarily have arisen before the adoption of the Constitution.

We have decided, in *Cochran, Ex'r*, vs. *Darcy*, (Nov. T., 1873,) that the Constitution, so far as it proposed by the said provision to affect contracts of a date prior to its ratification, was in violation of Article I, Section 10, of the Constitution of the United States, which prohibits the passage of laws impairing the obligation of contracts. The creditors here all represent debts which existed before the adoption of the Constitution, and, as to them, the homestead provision is void and of no effect.

The motion of the appellants to reverse the decree of the Circuit Judge is granted.

*Moses*, C. J., and *Willard*, A. J., concurred.